UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | **Application for Disclosure Order** |
|---|---|
| -v- | **10 Cr. 56 (RSJ)** |
| ZVI GOFFER, et al., | |
| Defendants. | |
| In the Matter of the Application of the United States of America for Authorization to Intercept Wire Communications Occurring Over Cellular Telephone Bearing Telephone Nmber (203) 216-4841 | |



FILED
DOC
DATE FI<sub></sub>   7-30-13

1. **Introduction.** The United States of America, by and through PREET BHARARA, United States Attorney for the Southern District of New York, Julian J. Moore, Assistant United States Attorney, of counsel, respectfully submits this application for an Order, pursuant to 18 U.S.C. §§2510-2522 ("Title III"), to authorize the limited disclosure of certain wiretap material for use in connection with a civil action brought by Arlene Villamia-Drimal pursuant to 18 U.S.C. §2520 and other provisions for damages and other relief stemming from the interception of certain of her telephone conversations with her husband, Craig Drimal, during the above wiretap. *See Arlene Villamia Drimal vs. David Makol et al.,* No. 3:12-CV-717 (WWE) (D.Conn.). The Government respectfully submits this application to Your Honor, "a judge of competent jurisdiction" for purposes of Title III, because this application also relates in part to orders issued by Your Honor in the above-captioned criminal case.

2. **The Minimization Proceedings and Protective Orders in this Court.** As set forth in this Court's April 20, 2011, Memorandum and Order in *United States v. Goffer* (hereinafter

"April 20, 2011 Order"), Defendant Craig Drimal moved to suppress wiretap evidence obtained by the government during its investigation of Drimal's involvement in an alleged conspiracy to commit securities fraud on the ground monitoring agents violated the federal wiretap statute by failing to properly minimize privileged calls between Drimal and his wife. Although the Court, following a hearing, denied Craig Drimal's motion, the Court criticized the manner in which minimization of spousal telephone calls had been conducted and specifically noted the existence of civil remedies for individuals alleging a failure by the government to properly minimize intercepted conversations. April 20, 2011 Order at n.5. During the course of those proceedings, this Court entered a March 8, 2011, Protective Order limiting disclosure of, and requiring filing under seal, of the recordings, line sheets and transcripts of the calls in question. The Court specified that "[t]his Order is entered without prejudice to any individual's right to seek a revision of the Protective Order or the removal of any redactions taken by a party in an appropriate motion to the Court, and does not apply to any disclosures of the Privileged Wiretap Information made prior to the date of this Order." The Protective Order referenced an earlier, February 16, 2011, Order in which the Court had specifically identified the calls in question, eighteen in number. Copies of the Court's February 16, 2011 and March 8, 2011 Orders are attached hereto as Exhibits A and B, respectively.

3. **Status of the Civil Litigation.** On or about May 15, 2012, Arlene Villamia Drimal filed a complaint in the District of Connecticut under 18 U.S.C. § 2520 and other provisions against sixteen current and former employees of the Federal Bureau of Investigation ("FBI"). The United States Attorney's Office for the District of Connecticut represents fifteen of the

defendants (Adrian Busby, a former FBI special agent, is represented separately). A copy of the complaint is attached hereto as Exhibit C. In brief, Ms. Drimal alleges that between November 16, 2007, and January 15, 2008, the civil defendants wrongfully intercepted more than 180 confidential and privileged marital telephonic communications to which she was a party. The defendants are sued only in their individual capacities. Ms. Drimal seeks compensatory and punitive damages, attorney fees and costs. On or about June 6, 2013, the District Court denied the civil defendants' motion to dismiss on the basis of qualified immunity and other grounds. Although additional jurisdictional litigation cannot be foreclosed, the Government in Connecticut must now also prepare its defense on the merits.

    4. **Scope of Disclosure.** The Government in Connecticut has advised us that in order to prepare its defense on the merits, the civil defendants need access to the wire applications, orders, minimization instructions, 10-day and 20-day reports, sealing orders, line-sheets, transcripts, and actual recordings of intercepted communications made pursuant to the orders of interception relating to telephone number 203-216-4861, including materials relating to the communications identified by call number in the Court's February 16, 2011 Order. We would respectfully propose that this Court order disclosure of those materials to the civil defendants and their attorneys, solely for use in the Connecticut civil litigation, with any further disclosure, including any discovery to Ms. Drimal, to be governed by protective orders entered in the District of Connecticut. (The Government assumes, but does not know, that Ms. Drimal has access to these materials as a result of discovery provided to Craig Drimal in the criminal case.)

5. **This Court's Authority to Authorize the Disclosure.** Although the disclosure sought herein is not one of the types of disclosure specifically enumerated in 18 U.S.C. §2517, authority to disclose would seem to flow implicitly from the civil remedy created by 18 U.S.C. §2520. The Second Circuit has made clear "that Title III does not prohibit all disclosures of legally intercepted wire communications that it does not expressly permit, and that in determining whether a right of access should lead to disclosure of Title III materials, the right of access should be weighed against the relevant privacy interests at stake." *SEC v. Rajaratnam*, 622 F.3d 159, 176-77 (2d Cir. 2010); *see also In re Newsday, Inc.*, 895 F.2d 74, 77 (2d Cir. 1990). In this case, disclosure would only be made to individuals who had previously had access to the intercepted calls; there would essentially be no incremental infringement of the privacy interests implicated by the wiretap; and the disclosure would be for purposes entirely consistent with Title III's civil remedy. As to disclosure of applications and orders, the Second Circuit has noted that "Congress . . . did not intend [18 U.S.C. §2518(b)] to be used as an avenue for discovery by all private litigants in civil cases, unless they are directly aggrieved by a wiretap." *NBC v. U.S. Dep't of Justice*, 735 F.2d 51, 55 (2d Cir. 1984); *see SEC v. Rajaratnam*, 622 F.3d at 173. In reaching that conclusion, the Court relied on the Senate Report on the 1968 enactment of Title III, which stated that "'applications and orders for authorization shall be treated confidentially . . . . [They] may not be disclosed except incidental to the disclosure or use of the records themselves after showing of good cause.'" *NBC v. U.S. Dep't of Justice*, 735 F.2d at 55. In this case, use of applications and orders by intercepting agents incidental to a defense of the

underlying interceptions in a §2520 action by an aggrieved person would be consistent with Second Circuit precedent in the area.

6. **No Prior Request.** No prior request for the relief set forth herein has been made.

Dated: New York, New York
July 24, 2013

>PREET BHARARA
>United States Attorney
>Southern District of New York
>
>By: *[signature]*
>_____
>JULIAN J. MOORE
>Assistant United States Attorney
>Southern District of New York
>Tel. No.: (212) 637-2473

IT IS SO ORDERED:

Dated: New York, New York
July __30__, 2013

*[signature]*
_____
HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

```
          IT IS FURTHER ORDERED THAT if Defendant Craig
          Drimal, or any other party, has an objection or
          concern regarding further disclosure of this
          material, the party shall raise that objection with
          the District Court for the District of Connecticut.
```

5

EXHIBIT A

Case 1:10-cr-00056-RJS Document 134 Filed 02/16/11 Page 1 of 1

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/16/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ZVI GOFFER, et al.,

Defendants.

No. 10 Cr. 56 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of the parties' supplemental briefing on the issue of whether the government's minimization of privileged calls was in compliance with Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522. Accordingly, IT IS HEREBY ORDERED that the parties shall appear before the Court on Wednesday, March 9, 2011 at 11:00 a.m. in Courtroom 21C for a hearing on whether, in monitoring privileged calls between Defendant Drimal and his wife, the monitoring agents demonstrated a "high regard for the right of privacy and have done all they reasonably could to avoid unnecessary intrusion." *United States v. Tortorello*, 480 F.2d 764, 784 (2d Cir. 1973). The Court expects to hear testimony from the agents who monitored the following calls: 5644, 5652, 5710, 5806, 5808, 5809, 5828, 5843, 5874, 5875, 5945, 5948, 5950, 6087, 6692, 6710, 6845, 7546. The Court also expects to hear testimony from the Assistant United States Attorney who supervised the agents monitoring these calls. The government shall provide transcripts of the above referenced calls, which are to remain under seal, to the Court and counsel by Friday, March 4, 2011.

SO ORDERED.

Dated: February 16, 2011
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

Case 1:10-cr-00056-RJS Document 141 Filed 03/08/11 Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/11

UNITED STATES OF AMERICA

-v-

ZVI GOFFER, *et al.*,

Defendants.

No. 10 Cr. 56 (RJS)
PROTECTIVE ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of a letter from Defendant Drimal, dated March 7, 2011, requesting that the Court enter a protective order ("Protective Order") for certain categories of materials produced under Rule 16 of the Federal Rules of Criminal Procedure. This request is granted with respect to the following materials: (1) those recordings of wire communications intercepted pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522, that were identified by call number in the Court's February 16, 2011 Order and are the subject of the suppression hearing currently scheduled for March 9, 2011, at 11:00 a.m.; (2) line-sheets summarizing and transcribing these communications; and (3) transcripts of these communications (collectively "Privileged Wiretap Information").

Specifically, IT IS HEREBY ORDERED that the Privileged Wiretap Information may only be disclosed by the parties in connection with this action. Any filing that includes Privileged Wiretap Information shall be made under seal.

This Order is entered without prejudice to any individual's right to seek a revision of the Protective Order or the removal of any redactions taken by a party in an appropriate motion to

the Court, and does not apply to any disclosures of the Privileged Wiretap Information made prior to the date of this Order.

SO ORDERED.

Dated:   March 7, 2011
         New York, New York

                                            RICHARD J. SULLIVAN
                                            UNITED STATES DISTRICT JUDGE

EXHIBIT C

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARLENE VILLAMIA DRIMAL | CIVIL ACTION NO.: 3:12CV717 |
| VS. | |
| DAVID MAKOL, JAN TRIGG, PAULINE TAI, FRANK LOMONACO, DAVID J. FORD, EDMUND ROM, KEVIN RIORDAN, ADRIAN BUSBY, BRIAN HARKINS, JOANN MAGUIRE, MARIA A. FONT, MARTHA M. BERDOTE, THOMAS J. D'AMICO, MARK MUNSTER, CHRISTOPHER DeGRAFF, and S. MENDOZA-PENAHERRERA | MAY 14, 2012 |

## COMPLAINT

1. This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1332, 1343(3) and 1367(a) of Title 28 and Section 2520 of Title 18 of the United States Code. The amount at issue, exclusive of interest and costs, is greater than $75,000.

3. The plaintiff is an adult citizen of the United States who resides, and at

1

all times herein mentioned resided, in Weston, Connecticut. She is married, and at all times herein mentioned was married, to Craig Drimal, and at all times herein mentioned resided with him in the family home in Weston.

4. During all times mentioned in this action, the defendants all were employees of the Federal Bureau of Investigation working at the Queens, New York, office of that agency. All the defendants are sued only in their individual capacities.

5. During all times mentioned in this action, the defendants David Makol and Jan Trigg were the Supervising Agents who directly and personally supervised all of the actions of the other defendants hereinafter described. They were aware of the unlawful actions of the other defendants and tolerated or encouraged such unlawful actions. Moreover, during the course of the events hereinafter described, the defendant Makol was explicitly warned by Assistant United States Attorney Andrew Fish that privileged marital communications of the plaintiff were being intercepted and monitored by the defendants under his supervision and that he should take actions to prevent such unlawful conduct.

6. At all times mentioned in this Complaint, the defendants acted jointly and in concert with each other. Each defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendant but each defendant failed and refused to perform such duty, thereby proximately causing

the injuries herein complained of.

7. Between November 16, 2007, and January 15, 2008, the defendants participated in the unlawful interception and monitoring of more than 180 confidential and privileged marital telephonic communications to which the plaintiff was a party. All of these communications took place over telephones of the plaintiff located in the State of Connecticut.

8. On March 18, 2011, the United States Attorney for the Southern District of New York admitted in a written submission to the District Court that "several calls between Drimal and his wife were improperly monitored" and that in at least one instance the conduct of one of the defendants in listening to the plaintiff's confidential telephone communications was "indefensible."

9. On November 20, 2007, the defendant Tai unlawfully intercepted and listened to three separate privileged, confidential marital telephone communications to which the plaintiff was a party. Thereafter, on December 4, 2007, December 5, 2007, December 14, 2007, January 3, 2008, January 11, 2008, and January 14, 2008, the defendant Tai again repeatedly unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

10. On November 26, 2007, the defendant Lomonaco unlawfully intercepted and listened to four separate privileged, confidential marital

telephone communications to which the plaintiff was a party. Thereafter, on November 30, 2007, and December 11, 2007, the defendant Lomonaco again unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

11. In sworn testimony before Honorable Richard J. Sullivan, United States District Judge in the United States District Court for the Southern District of New York, on March 9, 2011, the defendant Lomonaco admitted that he had intentionally listened to confidential and privileged marital communication involving the plaintiff which he had no right to overhear.

12. On November 27, 2007, the defendant Ford unlawfully intercepted and listened to three separate privileged, confidential marital telephone communications to which the plaintiff was a party.

13. In sworn testimony before Honorable Richard J. Sullivan, United States District Judge in the United States District Court for the Southern District of New York, on March 9, 2011, the defendant Ford admitted that he remembered "kicking myself" because he knowingly had listened to confidential and privileged marital communication involving the plaintiff which he had no right to overhear.

14. On November 20, 2007, the defendant Rom unlawfully intercepted and listened to a privileged, confidential marital telephone communication to

which the plaintiff was a party.

15. On November 26, 2007, the defendant Rom unlawfully intercepted and listened to two privileged, confidential marital telephone communications to which the plaintiff was a party. Thereafter, on December 9, 2007, January 2, 2008, and January 6, 2008, the defendant Rom again unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

16. On December 20, 2007, the defendant DeGraff unlawfully intercepted and listened to a privileged, confidential marital telephone communication to which the plaintiff was a party.

17. On November 16, 2007, November 21, 2007, December 12, 2007, December 19, 2007, December 21, 2007, December 29, 2007, January 8, 2008, January 9, 2008, January 10, 2008, and January 15, 2008, the defendant Trigg unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

18. On November 19, 2007, and January 3, 2008, the defendant Harkins unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

19. On November 29, 2007, the defendant Maguire unlawfully intercepted and listened to two privileged, confidential marital telephone communications to

5

which the plaintiff was a party.

20. On November 29, 2007, December 3, 2007, December 10, 2007, December 11, 2007, January 11, 2008, and January 13, 2008, the defendant Riordan unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

21. On November 29, 2007, December 8, 2007, December 13, 2007, January 2, 2008, January 4, 2008, and January 12, 2008, the defendant Font unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

22. On November 29, 2007, December 5, 2007, December 11, 2007, December 28, 2007, December 29, 2007, and January 12, 2008, the defendant Makol personally unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

23. On December 7, 2007, December 17, 2007, January 5, 2008, January 6, 2008, and January 15, 2008, the defendant Busby unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

24. On December 14, 2007, and December 18, 2007, the defendant Berdote unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

25. On December 20, 2007, the defendant D'Amico unlawfully intercepted and listened to a privileged, confidential marital telephone communication to which the plaintiff was a party.

26. On December 21, 2007, and December 28, 2007, the defendant Munster unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

27. On January 14, 2008, the defendant Mendoza-Penaherrera unlawfully intercepted and listened to two privileged, confidential marital telephone communications to which the plaintiff was a party.

28. Despite a legal obligation to make timely disclosure of the foregoing illegal telephone interceptions to the plaintiff, the defendants fraudulently concealed them from the plaintiff, for the purpose of evading legal responsibility for their wrongful actions, until notice thereof was disclosed to the plaintiff by the United States Attorney for the Southern District of New York on August 6, 2010.

29. As a proximate consequence of the foregoing unlawful actions of the defendants, the plaintiff has suffered great humiliation, embarrassment and emotional distress.

WHEREFORE, the plaintiff claims judgment against the defendants and each of them, jointly and severally for compensatory damages, punitive damages, attorney fees and costs as provided by Section 2520 of Title 18 of the

United States Code and by Section 52-570d(c) of the Connecticut General Statutes.

**The plaintiff claims trial by jury.**

THE PLAINTIFF

BY: /s/
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com
Her Attorney

8